# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| MELISSA DALRYMPLE, § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. 2:09-CV-174 (TJW) |
| METROPOLITAN LIFE INSURANCE CO., § | |
| Defendants. § | |
| § | |
| § | |
| § | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff Melissa Dalrymple's Motion to Determine the Scope of Discovery. [Dkt. No. 13] Ms. Dalrymple seeks discovery regarding any conflicts of interest that may have existed when Defendant Metropolitan Life Insurance Company ("MetLife") denied Ms. Dalrymple's claim for disability benefits under 29 U.S.C. § 1132(a)(1)(B). MetLife argues that it denied Ms. Dalrymple's claim because she was ineligible and there was no subjective decision-making that could be swayed by a conflict of interest. The Court, having considered the parties' arguments and applicable law, GRANTS IN PART Ms. Dalrymple's motion.

   I.   **Background**

Plaintiff Melissa Dalrymple began employment as a nurse with DSI Holding Company, Inc. on October 15, 2007. Ms. Dalrymple became eligible for long-term disability benefits on May 1, 2008. The long-term disability insurance policy included a pre-existing condition provision that made an employee ineligible for long-term disability benefits for any sickness or accidental injury that arose in the first three months before coverage begins. Ms. Dalrymple was

therefore ineligible to receive benefits for injuries that occurred between February 1, 2008 and April 30, 2008.

Ms. Dalrymple sought treatment at a medical clinic on April 29, 2008 for leg and right knee pain. Ms. Dalrymple ceased work on May 9, 2008, complaining that she could no longer perform her job because of pain in her legs and right knee and filed a claim for disability benefits. MetLife denied Ms. Dalrympple's claim because it determined that she had a pre-existing condition and was therefore ineligible.

While Ms. Dalrymple was recovering from her leg and right knee injury, she sought treatment for back pain and a disc herniation on June 23, 2008. MetLife denied the second claim because Ms. Dalrymple was not actively at work when she became injured and it determined that Ms. Dalrymple was ineligible for benefits for the back injury.

## II.     Legal Standard

The Federal Rules of Civil Procedure permit discovery of any evidence that is relevant or likely to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1). Relevant evidence is that evidence that would tend to prove "any fact that is of consequence to the determination of the action." FED. R. EVID. 401.

In an appeal from the denial of long-term disability benefits under ERISA, the reviewing court may ordinarily consider only the evidence that was before the claim administrator. *Vega v. Nat'l Life Ins. Svc., Inc.*, 188 F.3d 287, 299–300 (5th Cir. 1999). In limited circumstances, a reviewing court may consider extrinsic evidence, such as whether the claim administrator had a conflict of interest when it denied a claim for benefits. *See Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. __, 128 S.Ct. 2343, 2346 (2008). A conflict of interest may have greater relevance to a reviewing court where "circumstances suggest a higher likelihood that it affects the benefits decision." *Glenn*, 128 S.Ct. at 2351. Therefore, in cases such as this, evidence is relevant if it

would tend to show that a claims administrator acted with a conflict of interest and that conflict of interest influenced the administrator's denial of an employee's claim for disability benefits. *See id.*

### III.    Discussion

MetLife denied two claims for disability benefits filed by Ms. Dalrymple, both of which were denied because MetLife believed she was ineligible. The first ineligibility decision was based on an alleged pre-existing condition. The second denial was because Ms. Dalrymple was not actively at work when she became injured.

MetLife's second denial is the result of a purely objective determination. The claims administrator need only compare dates to determine whether Ms. Dalrymple's presence at work overlapped with the onset of her injury. Absent a subjective determination that could be influenced by a conflict of interest, Ms. Dalrymple is not entitled to additional discovery regarding whether there was a conflict of interest with respect to the second denial.

The denial of Ms. Dalrymple's first claim, however, is based upon a subjective determination. MetLife determined that Ms. Dalrymple had a pre-existing condition when it relied on the opinion of a medical consultant. The medical consultant "evaluate[d] the record for supportive evidence of treatment received for a knee condition during the pre-existing period from February 1, 2008 through April 30, 2008 [and] onset dates of Ms. Dalrymple's knee and back conditions." Defendant's Brief, Ex. C at 4. The medical consultant may have been influenced by a conflict of interest when he or she concluded that Ms. Dalrymple had pre-existing condition. Furtherore, MetLife may have been biased when it selected the medical consultant to perform the review of Ms. Dalrymple's medical record.

Although some courts have refused to permit discovery from outside medical consultants, *see Copus v. Life Ins. Co. of N. Am.*, 2008 WL 2794807, *2 (N.D. Tex. 2008) (citing *Pylant v.*

*Hartford Life and Accident Ins. Co.*, 2006 WL 3247314 (N.D. Tex. 2006)), the Supreme Court's ruling in *Glenn* counsels a different approach. The reviewing court is to consider the record and surrounding circumstances, such as the presence of a conflict of interest, and will "determine lawfulness by taking account of several different, often case-specific, factors reaching a result by weighing all together." *Glenn*, 128 S.Ct. at 2351. It is true that an outside medical consultant is not the ultimate decision-maker of a benefits claim. Nonetheless, the circumstances under which he provided his or her opinion to MetLife can be weighed as a factor in this Court's review. Furhtermore, any bias that MetLife demonstrated when it selected an outside consultant may also be a factor. The conflict, if any, of the medical consultant or the claims administrator may prove to be a relatively unimportant factor to the Court's review of the benefits decision, but Ms. Dalrymple is entitled to discover solely whether there is in fact a conflict. The Court will permit Ms. Dalrymple to conduct discovery regarding whether the consultant's relationship with MetLife created a conflict of interest that might have influenced his or her assessment of Ms. Dalrymple's pre-existing condition or that may have influenced MetLife's decision to hire the consultant. Ms. Dalrymple is to narrowly tailor her discovery to the issue of the first claim denial.

## IV. Conclusion

For the reasons set forth in this opinion, Plaintiff's Motion is GRANTED in part and DENIED in part. The Court permits Ms. Dalrymple to conduct discovery as to the conflict of interest of the certified medical consultant that reviewed Ms. Dalrymple's medical records for the purposes of determining whether she had a pre-existing condition. Ms. Dalrymple may not conduct discovery as to the conflict of interest of the claims administrator that denied her second claim for disability benefits.

It is so ORDERED.

SIGNED this 23rd day of February, 2010.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE